IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02165-BNB

JEFFERY SCOTT DURHAM,

    Plaintiff,

v.

HARLEY G. LAPPIN,
HARRELL WATTS,
MICHAEL K. NALLEY,
J. JONES,
ROD BAUER,
B. GREENWOOD,
S. NAFZIGER,
NORA GLADBACH,
A. OSAGIE, and
Y. FETTERHOFF,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 1 2008

GREGORY C. LANGHAM
                CLERK

---

ORDER

---

Plaintiff has filed *pro se* on November 24, 2008, "Plaintiff's Objections to the October 2, 2008[,] Order by United States Magistrate Judge Boyd N. Boland." Plaintiff objects to an order signed by Magistrate Judge Boyd N. Boland on October 2, 2008, and filed in this action on October 7, 2008. Magistrate Judge Boland reviewed the documents filed by Plaintiff and determined that Plaintiff must cure certain deficiencies if he wishes to pursue his claims in this action. More specifically, Magistrate Judge Boland ordered Plaintiff to file his complaint and motion seeking leave to proceed *in forma pauperis* on court-approved forms, to submit a certified copy of his inmate trust fund account statement in support of the motion for leave to proceed *in forma*

*pauperis*, and to include in the text of the complaint the same Defendants named in the caption of the complaint. On November 7, 2008, Magistrate Judge Boland entered a minute order granting Plaintiff's motion for an extension of time until November 20 to cure the deficiencies.

In his objections, Plaintiff contends that Magistrate Judge Boland lacks authority to dismiss this action; that the Court cannot dismiss this action for the reasons specified in Magistrate Judge Boland's order filed on October 7; that he was denied any meaningful opportunity to respond to the order filed on October 7 because he did not receive a copy of that order until October 27; that he was denied the opportunity to make timely objections to the order filed on October 7 because he did not receive a copy of that order until October 27; and that the Court cannot require him to use the court-approved form because he substantially complied with that form, because he would have to attach numerous pages to the form in order to present his claims clearly, and because nonprisoners and parties represented by counsel are not required to use the form. For the reasons stated below, the objections will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that Magistrate Judge Boland's order filed on October 7 is not clearly erroneous or contrary to law.

Regarding Plaintiff's objections that he was prevented from timely responding or objecting to Magistrate Judge Boland's order filed on October 7 because he did not receive a copy of that order until October 27, the Court notes that Plaintiff filed a motion

2

for an extension of time on November 6 that was granted by minute order the following day. Therefore, Plaintiff fails to demonstrate any prejudice due to the fact that he did not receive a copy of the order until October 27.

Plaintiff's remaining objections also lack merit. Magistrate Judge Boland has not entered an order dismissing this action, but the action may be dismissed for the reasons specified in Magistrate Judge Boland's order filed on October 7. The Court's local rules require *pro se* prisoners to "use the forms established by this court to file an action." D.C.COLO.LCivR 8.2A. *Pro se* nonprisoners also are required to use court-approved forms. See D.C.COLO.LCivR 8.1A. Plaintiff's belief that he substantially complied with the Court's approved form is not sufficient. Furthermore, Plaintiff's belief that he would be required to attach numerous pages to the form in order to present his claims clearly does not demonstrate that he should be excused from using the Court's Prisoner Complaint form. The Court has reviewed Plaintiff's complaint and finds that Plaintiff's claims adequately can be presented using the Court's Prisoner Complaint form.

Plaintiff is advised that any complaint he files must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." ***New Home***

*Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Finally, the Court notes that Plaintiff has filed on the proper form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and he has submitted a certified copy of his inmate trust fund account statement in support of that motion. Therefore, the only remaining deficiency is Plaintiff's failure to file his complaint on the court-approved Prisoner Complaint form. Accordingly, it is

ORDERED that "Plaintiff's Objections to the October 2, 2008[,] Order by United States Magistrate Judge Boyd N. Boland" filed on November 24, 2008, are overruled. It is

FURTHER ORDERED that Plaintiff shall have **thirty (30) days from the date of this order** to cure the remaining deficiency if he wishes to pursue his claims in this action.

DATED at Denver, Colorado, this 11 day of Dec. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02165-BNB

Jeffrey Scott Durham
Prisoner No. 32060-083
USP - McCreary
PO Box 3000
Pine Knot, KY 42635-3000

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/11/08

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk